HOWARD *et al. vs.* LOWELL MACHINE CO.

REFUSAL OF INJUNCTION, FROM BARTOW. Practice in Supreme Court. Practice in Superior Court. Injunctions. Receiver. (Before Judge Fain.)

Hall, J.—A restraining order was granted, a temporary receiver appointed, and defendants in the bill were called on to show cause why an injunction should not issue and the receiver be continued. A hearing was had, and the restraining order against one of the defendants was rescinded, and leave was granted to it to proceed with its mortgage fi. fa. against the property mortgaged. As against the other defendants, the injunction prayed for was continued until the fina hearing of the case, and the receivership was continued until the fur-

ther order of the court, except that it should not operate against the first named defendant. As to that defendant complainants excepted, and took a writ of error against' it_alone, taking a supersedeas to the decree to that extent. Subsequently the other defendant moved to have the decretal order modified as to them, and after notice given, the judge dissolved the injunction and rescinded the appointment of the receiver as to all of the defendants, except one, as to whom and the mortgage held by him the restraining order was continued until the final hearing, the receiver being ordered to turn over the property in his hands to the parties from whom he received it:

Held, that the filing of the first bill of exceptions did not remove the entire case to this Court so as to prevent further action by the chancellor as between the complainant and defendants who were not parties to that writ of error.

(a) The general rule is that, while a case is pending in this Court on writ of error, further action by the court below in that case is *coram non judice* and void. 69 Ga., 525, 532, 533.

2. As a general rule, an interlocutory decree is under the control of the chancellor until the final hearing. Any defendant may move on ten days' notice to the opposite party for the dissolution of any injunction or the revoking of any other extraordinary writ in vacation, and the chancellor is required to decide upon the same principles as if presiding in term. The granting and continuing of injunctions must always rest in the sound discretion of the judge, according to the circumstances of each case; and one who moves the dissolution of an injunction is not confined to matters arising subsequent to the order granting it. Code, §§ 4186, 3220; 70 Ga., 542, 550-2.

3. An order appointing a receiver may be revoked without giving him notice to show cause why it should not be done. It is only in cases where his conduct is called in question, and where it is sought to make him liable, or where he is called on to account or to make return, that he is entitled to notice or to a hearing; but he is not so entitled when the question relates to the necessity of his appointment or of its continuance. Code, §§276, 245, par. 5.

4. On the hearing of a motion to dissolve an injunction, it was proper for the chancellor to refuse to allow issues to be made, and evidence offered under them, touching his own intention and action in the case or contradicting his recollection of facts occurring before him.

5 There was no abuse of discretion in dissolving the injunction or rescinding the order for the appointment of the receiver.

6. Nor was there any abuse of discretion in refusing the injunction and receiver as to the first defendant. There was no allegation of fraud

or unfairnéss as to its debt, nor that its forbearance or delay to enforce its judgment was with any improper view to interfere with the rights of the complainant or was in aid of others seeking that end.

(a.) The court had the right to allow this party, upon its application, to proceed against the mortgaged property, although it was in the hands of a receiver.

Judgment affirmed.

Milner, Akin & Harris, for plaintiff in error.

B. F. Abbott; Graham & Graham; King & Spalding; J. R. Gray, for defendant.